FEDERAL LAND BANK OF COLUMBIA, SOUTH CAROLINA, v. MRS. WILL GAINES.

(Filed 1 March, 1933.)

Bills and Notes I b—Under facts of this case check not disbursed for benefit of payee because of insolvency of bank did not operate as payment.

Construing the Federal Farm Loan Act, it is *held:* the National Farm Loan Associations provided for in the act as intermediaries between the Federal Land Banks and borrowers therefrom is not the agent of the bor-

rowers in transactions necessary to the closing of loans approved by the Land Banks, and where a loan has been approved and in closing the loan the Land Bank's check for the amount thereof has been endorsed by the borrower and by the association's agent and deposited to the association's credit, and only a small part of the proceeds are distributed for the benefit of the borrower because of the later insolvency of the bank of deposit, the borrower is liable on her note and mortgage only for the amount distributed for her benefit, and upon payment of such sum is entitled to have the note and mortgage canceled.

APPEAL by plaintiff from *Schenck, J.,* at April Term, 1932, of POLK. Affirmed.

This is a controversy without action (C. S., 626), submitted to the court, upon a statement of facts agreed, which are as follows:

1. The Federal Land Bank of Columbia is a Federal Land Bank chartered, organized and doing business under the provisions of an act of the Congress of the United States known as the Federal Farm Loan Act.

2. The Columbus National Farm Loan Association is a National Farm Loan Association chartered, organized and doing business under the terms and provisions of the Federal Farm Loan Act.

3. On 16 August, 1930, Mrs. Will Gaines made application through the Columbus National Farm Loan Association to the Federal Land Bank of Columbia for a loan of one thousand dollars ($1,000), offering as security for the loan a mortgage on twenty-seven (27) acres of land in Polk County, North Carolina. The application was approved by the Columbus National Farm Loan Association on 20 August, 1930, and on that date Mrs. Gaines was admitted to membership in said Association. The application was approved by the Federal Land Bank of Columbia on 1 October, 1930. A copy of the application for the loan is attached to this statement of facts, made a part hereof, marked Exhibit A.

4. On 2 October, 1930, Mrs. Gaines was advised by the Federal Land Bank of Columbia of the approval of her application for a loan, and was requested to select from a list of approved attorneys furnished her by the bank, attorneys to prepare an abstract of title for consideration of the bank. Mrs. Gaines employed Messrs. Jones and Massenburg to prepare the abstract of title, and they furnished it to the bank on 25 October, 1930.

5. On 5 November, 1930, Mrs. Gaines executed and delivered to the Federal Land Bank of Columbia a note and mortgage for the loan in the amount of $1,000, copies of which are attached to this statement of facts, marked, respectively, Exhibits B and C, and made part hereof.

6. On 14 November, 1930, the Federal Land Bank of Columbia sent to Messrs. Jones and Massenburg its check on the Commercial National

Bank of Charlotte, North Carolina, dated 12 November, 1930, for $945.00, payable jointly to Percy Lewis, secretary-treasurer of the Columbus National Farm Loan Association, and Mrs. Will Gaines, with instructions to the attorneys and to the secretary-treasurer of the Columbus National Farm Loan Association for closing the loan to Mrs. Gaines. A copy of the check, with endorsements thereon, is attached to this statement, made part hereof, marked Exhibit D. With the check was sent a closed loan statement, to be filled in by the secretary-treasurer of the Columbus National Farm Loan Association and signed by him and Mrs. Gaines. A copy of the statement as sent with the check is attached to this statement, made part hereof, and marked Exhibit E. The check represented the proceeds of the loan after deducting fifty dollars ($50) for Mrs. Gaines' stock in the Columbus National Farm Loan Association, three dollars and fifty cents ($3.50) for title determination fee, and one dollar ($1.00) for title insurance premium.

7. The check referred to in the preceding paragraph was delivered by the attorneys to Percy Lewis, secretary-treasurer of Columbus National Farm Loan Association, on 18 November, 1930, and was handled by him as indicated in a letter addressed by Mr. Lewis under date of 19 October, 1931, to Mr. M. R. McCown, a copy of which is attached to this statement, marked Exhibit F, and made part hereof. At the time of this transaction the Polk County Bank and Trust Company was the only bank in Columbus, North Carolina. The Polk County Bank and Trust Company was open for business through Friday, 21 November, 1930, but failed to open for business on Saturday, 22 November, 1930.

8. No payments on the loan have been made by Mrs. Gaines to the Federal Land Bank of Columbia, although the Federal Land Bank of Columbia has demanded from Mrs. Gaines payment of the interest, which under the terms of the note executed by her was due 1 December, 1930, and of the interest and the first installment of principal, which under the terms of the note were due 1 December, 1931.

It appears from the letter referred to in paragraph 7 of the statement of facts agreed, that upon the receipt by him of the check payable to the order of Percy Lewis, secretary-treasurer of the Columbus National Farm Loan Association, and of Mrs. Will Gaines, the said Percy Lewis advised the defendant by telephone that he had received the check and that her endorsement was required before the check could be collected.

The defendant thereupon authorized Percy Lewis to write her name on the back of the check, which he did. The check was then deposited in the Polk County Bank and Trust Company to the credit of the Columbus National Farm Loan Association. The check was paid by the bank on which it was drawn. No part of the proceeds of said check,

except the sum of $54.23 which was paid for taxes on the land conveyed by the mortgage, has been disbursed to or on the account of the defendant.

On the foregoing facts, the plaintiff contended that the note and mortgage executed by the defendant and now in the possession of the plaintiff, are valid, and that plaintiff is entitled to collect from the defendant the full amount of said note, according to its terms, and that upon default by the defendant in the payment of said note, the plaintiff has the right to foreclose the said mortgage; the defendant contended that neither the note nor the mortgage is valid, for the reason that she has received no consideration for the note.

The court was of opinion that the note and mortgage are valid only for the sum of $54.23, the amount disbursed by the Columbus National Farm Loan Association in payment of taxes, and therefore ordered, adjudged and decreed that the note and mortgage be canceled upon the payment by the defendant to the plaintiff of the sum of $54.23.

From the judgment on the facts agreed, the plaintiff appealed to the Supreme Court.

*J. S. Massenburg and Harry D. Reed for plaintiff.*
*M. R. McCown for defendant.*

CONNOR, J. The transactions between the plaintiff and the defendant as disclosed by the statement of facts agreed appearing in the record were conducted in strict accord with the provisions of the act of Congress known as the Federal Farm Loan Act. In accordance with these provisions, the defendant, who had applied for and accepted membership in the Columbus National Farm Loan Association, applied through said association to the plaintiff for a loan of one thousand dollars, offering as security for said loan her note for one thousand dollars, secured by a mortgage on twenty-seven acres of land in Polk County, North Carolina. This application was endorsed by the association, and approved by the plaintiff. Upon the delivery to it of the note and mortgage duly executed by the defendant, the plaintiff transmitted to the Columbus National Farm Loan Association funds to be disbursed by said association to the defendant on account of the loan.

The said association has disbursed only the sum of $54.23 of said funds. The balance of said funds are on deposit in the Polk County Bank and Trust Company, and are not available for closing the loan. The defendant has received no consideration for her note and mortgage, except the sum of $54.23, unless it shall be held that the Columbus National Farm Loan Association received the funds from the plaintiff as the agent of the defendant.

As we construe the provisions of the Federal Farm Loan Act, the Columbus National Farm Loan Association was not the agent of the defendant in the transactions disclosed by the statement of facts agreed. The Federal Farm Loan Act provides for the organization of National Farm Loan Associations as intermediaries between borrowers and Federal Land Banks. All applications for loans from a Federal Land Bank must be made through a National Farm Loan Association. No loan can be made by a Federal Land Bank directly to the borrower. When the application for a loan has been received by a Federal Land Bank, through a National Farm Loan Association, and approved, the act requires that funds to close the loan shall be transmitted by the Land Bank to the Association, for disbursement to the borrower.

Under the provisions of the act, the National Farm Loan Association is a public agent, designated by the act as the intermediary between the bank and the borrower. It was so held in *Fed. Land Bank v. Shingler,* 174 Ga., 352, 162 S. E., 815, and in *Bjorkstam v. Fed. Land Bank,* 138 Wash., 456, 244 Pac., 981. There is no error in the judgment in this case. It is

Affirmed.